ELEANOR S. MILES, petitioner-respondent,

*v.*

WILLIAM R. MILES, defendant-appellant.

[Submitted May 31st, 1929. Decided October 14th, 1929]

*Mr. Frederic W. Schlosstein,* for the appellant.

*Mr. Augustus C. Studer, Jr.,* for the respondent.

The opinion of the court was delivered by

PARKER, J.

This is a proceeding in contempt for alleged disobedience of an order of the court of chancery touching the custody of the two children of the parties. Petitioner obtained a divorce in that court on the ground of desertion, the decree *nisi* being dated May 1st, 1923, and the final decree November 2d, 1923. By the decree *nisi* the wife received the custody of the children, except from Saturday mornings till Sunday afternoons, and for a month and a half in the summer, at which times they were to be with their father. By an informal arrangement between the parties, the week-end periods were enlarged to begin on Friday afternoon and end on Monday morning. This arrangement seems to have been carried out until September 25th, 1928, when the girl, the elder of the two children, disappeared, and petitioner soon learned that she was with her father at Babylon, on Long Island. These facts being presented to the court of chancery by petition, that court made an order on the husband to show cause why he should not be held in contempt, which

order was served personally on him in New York City and on his solicitor in this state. The solicitor appeared on the return of the order; his client did not. The state of the case submitted to us on behalf of the husband and on briefs without oral argument, does not show what occurred at that hearing, but the court, presumably on a lawful ascertainment of the facts, made the order to show cause absolute, adjudged defendant in contempt, and ordered that he be committed to the common jail of the said (sic) county of Essex, or to such other jail where he may be apprehended, and there to remain charged upon his contempt until the further order of this court, and that a writ issue for this purpose accordingly." From this order the defendant has appealed.

The points made for appellant are to some extent without factual basis of support. For example, the first is that defendant did not refuse to perform the order of May 1st, 1923, relating to the custody of the daughter. The brief there goes on to assert that she went to defendant's home of her own motion. But in our view this is no answer to the charge of contempt, as it contains obviously the implied admission that defendant was harbouring the child whom it was his plain duty to return to her mother.

The next point, that the order to show cause was not served, is without any foundation in fact, as the affidavits show it was served.

Next, it is urged that the defendant was not allowed to show his inability to comply with the decree. No attempt to show this, no offer to show it and no ruling on the matter appears anywhere in the case. Fourth, that a copy of the order of November 7th was served on defendant. The printed case, prepared by appellant, fails to show that any order in writing was made on November 7th.

Fifth, sixth and seventh. That the order of November 14th, appealed from, is invalid because made on *ex parte* affidavits; because made in the cause, and because it was not served on defendant in New Jersey. These three points are based on the fallacious assumption that the contempt is of a criminal and not of a civil nature. It is not a criminal

contempt, but is essentially a step in the cause aimed at compelling the defendant to do an act within the plain intendment of the decree *nisi,* and specifically directed by the court, *i. e.,* to return the child to her mother within two days from November 7th, 1928, which direction is recited in the order of November 14th. The proceeding is remedial, and a step in the cause. Hence, *ex parte* affidavits are competent, and service within the state a non-essential. The defendant, if imprisoned, should be enabled to secure his liberty on compliance, or showing inability to comply. *Slaley* v. *South Jersey Realty Co., 83 N. J. Eq. 300, 303, 304; Grand Lodge* v. *Jansen, 62 N. J. Eq. 737.* There is nothing to show that defendant will be unable to produce and deliver the child or indeed have any difficulty in so doing.

But we consider the language of the order too drastic, as it seems to direct incarceration during the pleasure of the court, and hence, to sound as punitive in character. It should provide in substance that defendant be imprisoned until he produce the child for delivery to her mother or satisfy the court of his inability to do so. The order with this modification will be affirmed, and the whole matter remanded to the court of chancery for suitable action in accordance with these views.

*For affirmance*—None.

*For reversal*—None.

*For modification*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, CASE, BODINE, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.